**CV 10 4896**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

MELANIE KAIL,

(S.I.)

                              Plaintiff,

-against-

NCB MANAGEMENT SERVICES, INC.,

                              Defendant.
-----------------------------------------------------------------

CLASS ACTION
COMPLAINT

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N.Y
★ OCT 25 2010 ★
LONG ISLAND OFFICE

FEUERSTEIN, S
LINDSAY, M

## COMPLAINT FOR VIOLATIONS
## OF THE FAIR DEBT COLLECTION PRACTICES ACT

This action is brought on behalf of plaintiff and all others similarly situated for damages arising from the violation of § 1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA") committed by the defendant, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1.     This action seeks redress for the illegal practices of the defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2.     This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

1

3. Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District. Additionally, the residence of the plaintiff is in this District.

4. Plaintiff is an individual who resides in Nassau County, New York.

5. Plaintiff is a "Consumer" as that term is defined by §1692(a)(3) of the FDCPA in that the alleged debt that the defendant sought to collect from plaintiff is a consumer debt.

6. Upon information and belief, defendant is an active Pennsylvania business.

7. Defendant is regularly engaged in the collection of debts, allegedly owed by consumers, through the use of various instrumentalities of interstate commerce, including telephone communication.

8. Defendant is a "Debt Collector" as that term is defined by §1692(a)(6) of the FDCPA.

9. Plaintiff received direct communications from defendant, who caused telephone messages to be sent to the home answering machine of plaintiff within one year prior to the filing of this complaint.

10. These telephone messages were attempts to collect a debt alleged to have been in default.

## CLASS ACTION ALLEGATIONS

11.  Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of Plaintiff and all consumers and their successors in interest (the "Class") who have received telephone calls from the Defendant as of one year prior to the filing of Plaintiff's complaint until the present, which failed to identify the purpose of the call as required by statute, or which otherwise violated the FDCPA under the provisions listed in paragraph 11. Excluded from this Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are members, officers, directors, employees, associates or partners of defendant.

12.  This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

13.  The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection calls from the defendant, which violate various provisions of the FDCPA.

14.  There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a.  Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692d, 1692g, 1692e and 1692f.

3

  b. Whether plaintiff and the Class have been injured by the conduct of the defendant; and

  c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of the wrongdoing defendant and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

15. The claims of Plaintiff are typical of the claims of the Class. The interests of the plaintiff are not adverse or antagonistic to the interests of other members of the Class.

16. Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

17. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. No unusual difficulties are likely to be encountered in the management of this class action.

18. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if the conduct of defendant

will proceed without remedy defendant will continue to reap and retain proceeds of ill-gotten gains.

19. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

20. All the foregoing paragraphs are incorporated by reference as if set forth fully herein.

21. Upon information and belief, the message received by the Plaintiff was a scripted message that was sent to other consumers.

22. The impact of the message is to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

23. Section 1692(e) of the Fair Debt Collection Practices Act states that: "[a] debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt." Section 1692(e) further requires that a debt collector, during its initial communication with a debtor, state that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and that all subsequent communication disclose that it is from a debt collector.

24.     Plaintiff received at least two (2) different telephone messages from the defendant. Each message stated that the name and telephone number of one of the defendant's employees. Not one message ever claimed to be from a debt collector or for the purpose of debt collection, nor did any message ever give the name of the defendant.

25.     Section 1692(d) prevents a debt collector from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt. Section 1692(d)(6) specifically prohibits the placement of telephone calls without meaningful disclosure of the caller's identity.

26.     Defendant violated the above sections by leaving a message on the Plaintiff's answering machine which failed to identify in any meaningful way the nature of their call.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment as follows:

a)     Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative;

b)     Awarding Plaintiff and the class statutory damages;

c)     Awarding Plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

d)     Awarding Plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated: Cedarhurst, New York
October 25, 2010

Plaintiff requests trial by jury on all issues so triable.

_____
Lawrence Katz
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile (516) 706-2404